## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9137 | **DATE** | 4/15/2004 |
| **CASE TITLE** | Garrett vs. Empire Cooler Service, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 5/27/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, defendant's consolidated motion for relief is granted in part and denied in part. Plaintiff's first amended complaint is dismissed without prejudice with leave to re-file. Plaintiff is given leave to file a second amended complaint, consistent with FRCP 11, within 30 days of the date of this order. Plaintiff's motion for judgment on the pleadings and defendant's motion to strike plaintiff's motion for judgment on the pleadings is denied as moot. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | 4-16-04 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEONARD GARRETT, )
)
Plaintiff, )
)   No. 03 C 9137
v. )
)   Judge John W. Darrah
EMPIRE COOLER SERVICE, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Leonard Garrett, commenced an action, *pro se*, against Defendant, Empire Cooler Service, Inc., alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Before this Court is Defendant's Consolidated Motion for Relief, Plaintiff's Motion for Judgment on the Pleadings, Defendant's Motion to Strike Plaintiff's Motion for Judgment on the Pleadings, and Plaintiff's Cured Motion for Judgment on the Pleadings.

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

On July 14, 2000, Empire placed a property lien against property at 54 Deerpath Road, Matteson, Illinois. The lien stemmed from Empire recording a Memorandum of Judgment against an individual named Betty Garrett in the Office of the Cook County Recorder of Deeds. Empire had obtained a judgment against Betty Garrett in the Circuit Court of Cook County on July 12, 2000.[1]

---

[1] On a motion to dismiss, the court may take judicial notice of court documents which are a matter of public record. *Doherty v. City of Chicago*, 75 F.3d 318, 324 n.4 (7th Cir. 1996).

Plaintiff alleges that the lien was unlawful and caused damage to his credit, including the denial of an equity loan on or about April 3, 2003. Plaintiff alleges that he did not learn of the lien until he was denied an equity loan in April 2003.

Empire first seeks dismissal of Plaintiff's Amended Complaint based on the statute of limitations.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Any action to enforce any liability created by the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692(k)(d). Accordingly, the statute of limitations begins to run at the time a lawsuit is filed, *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997), or when the debt collector mails a letter alleged to violate the FDCPA, *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992); *Friedman v. Anvan Corp.*, 1998 WL 559779 (N.D. Ill. Aug. 28, 1998).

However, limitation periods are generally subject to equitable tolling. *See Young v. United States*, 535 U.S. 43, 49 (2002). The FDCPA's limitation period is not jurisdictional and, thus, is subject to equitable tolling. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 327 (7th Cir. 2000); *Salgado v. Harvard Collection Serv., Inc.*, 2001 WL 803683 (N.D. Ill. July 17, 2001).

Equitable tolling is reserved for [e]xtraordinary circumstances far beyond the litigant's control [that] ... prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling applies when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim. *See Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7thCir. 1994). The plaintiff bears the burden of demonstrating that his allegations justify equitable tolling. *See Harlan v. Al Piemonte Nissan, Inc.*, 2002 WL 31155061 (N.D. Ill. Sept. 26, 2002); *Spartech Corp. v. Apelco, Inc.*, 1988 WL 9513 (N.D. Ill. Jan. 26, 1988).

In the instant case, the date on which the alleged violation occurred was July 14, 2000, the date of the filing of the alleged illegal lien. Plaintiff seeks to invoke the doctrine of equitable tolling. Plaintiff's only allegations as to tolling the statute of limitations is that he was denied an equity loan on or about April 3, 2003, and that he did not discover his damages until July 9, 2003. Plaintiff's relationship to Betty Garrett, if any, is not addressed in Plaintiff's Amended Complaint. Nor are there any allegations demonstrating, or reasonably allowing the inference, that despite due diligence, Plaintiff was unable to obtain the information vital to his claim. In his First Amended Complaint and his response to Empire's Consolidated Motion for Relief (identified by Garrett as "Plaintiff's Clarification to His First Amended Complaint"), Plaintiff acknowledges that the alleged illegal lien was filed on July 14, 2000, and that his alleged damages existed at that time. *See generally, Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 455 (7th Cir. 1998) (a plaintiff can plead himself out of court via facts that indicate that he is not entitled to judgment). Even drawing all reasonable inferences in Plaintiff's favor, Garrett has not sufficiently pled that equitable tolling should apply to this case.

Based on the above, Plaintiff's Second Amended Complaint is dismissed without prejudice to refile.

In light of the ability of Plaintiff to file a Third Amended Complaint, the Court will also address Empire's argument that Plaintiff lacks standing to bring the present lawsuit.

The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . ." 15 U.S.C. § 1692k(a). Persons other than consumers may sue for violations of the FDCPA according to the broad language of the statute. *See Flowers v. Accelerated Bureau of Collections*, 1997 WL 136313 (N.D. Ill. March 19, 1997) (wife of debtor who read collection letter had standing to bring suit); *Villareal v. Snow*, 1996 WL 28254 (N.D. Ill. Jan. 19, 1996).

Here, Plaintiff alleges that he was injured by Empire's illegal actions toward his property, which constituted a violation of the FDCPA. Accordingly, Plaintiff has standing to bring the present lawsuit.

In light of the dismissal of Plaintiff's First Amended Complaint, Plaintiff's Motion for Judgment on the Pleadings, Empire's Motion to Strike Plaintiff's Motion for Judgment on the Pleadings, and Plaintiff's Cured Motion for Judgment on the Pleadings are denied as moot.

For the foregoing reasons, Defendant's Consolidated Motion for Relief is granted in part and denied in part. Plaintiff's First Amended Complaint is dismissed without prejudice to refile. Plaintiff is given leave to file a second amended complaint, if he can do so consistent with Federal Rule of Civil Procedure 11, within 30 days of this Order. Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion to Strike Plaintiff's Motion for Judgment on the Pleadings are denied as moot.

Dated: April 15, 2004

JOHN W. DARRAH
United States District Judge