# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9137 | **DATE** | 6/17/2004 |
| **CASE TITLE** | Garrett vs. Empire Cooler Service, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's consolidated motion for relief is granted in part and denied in part. Defendant's motion to dismiss is denied. Defendant's motion for a more definite statement is granted. Plaintiff is ordered to provide a more definite statement as to his claims on or before 7/9/04. Defendant's responsive pleading to be filed on or before 7/23/04. Status hearing set for 9/1/04 at 9:00 a.m. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | 2004 JUN 17 PM 11:25 | date mailed notice | |
| | | "Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LEONARD GARRETT,

  Plaintiff,

v.

EMPIRE COOLER SERVICE, INC.,

  Defendant.

No. 03 C 9137

Judge John W. Darrah

JUN 21 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Leonard Garrett, commenced an action, *pro se*, against Defendant, Empire Cooler Service, Inc., alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Subsequently, Plaintiff filed amended complaints. On April 15, 2004, this Court entered its Memorandum Opinion and Order, ruling that the FDCPA's one-year statute of limitations barred Plaintiff's action but that the doctrine of equitable tolling could apply if Plaintiff sufficiently pled facts to establish its applicability. Accordingly, Plaintiff's Second-Amended Complaint was dismissed without prejudice to refile. Plaintiff filed his Second-Amended Complaint, and Defendant seeks dismissal of the amended complaint or, in the alternative, a more definite statement.

A reading of Plaintiff's Second-Amended Complaint supports the following summary of the alleged conduct of the parties.

On July 14, 2000, Empire placed a property lien against the property at 54 Deerpath Road, Matteson, Illinois. The lien stemmed from Empire's recording a Memorandum of Judgment in the Office of the Cook County Recorder of Deeds against an individual named Betty Garrett. Empire



had obtained a judgment against Betty Garrett in the Circuit Court of Cook County on July 12, 2000.[1]

Plaintiff alleges that the lien was unlawful and caused damage to his credit, including the denial of an equity loan on or about April 3, 2003.

Plaintiff also alleges that the statute of limitations should be tolled because his mental and physical illness prevented him from timely filing suit. This includes a psychiatric review dated August 18, 2000; a heart attack and subsequent surgery in September 2000; and classification by the United States Government of being mentally incompetent and totally disabled in May 2001.

Empire again seeks dismissal of Plaintiff's Second-Amended Complaint based on the statute of limitations.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Any action to enforce any liability created by the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692(k)(d). Accordingly, the statute of limitations begins to run at the time a lawsuit is filed, *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997), or when the debt collector mails a letter alleged to violate the FDCPA, *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992); *Friedman v. Anvan Corp.*, 1998 WL

---

[1] On a motion to dismiss, the court may take judicial notice of court documents which are a matter of public record. *Doherty v. City of Chicago*, 75 F.3d 318, 324 n.4 (7th Cir. 1996).

2

559779 (N.D. Ill. Aug. 28, 1998).

However, limitation periods are generally subject to equitable tolling. *See Young v. United States*, 535 U.S. 43, 49 (2002). The FDCPA's limitation period is not jurisdictional and, thus, is subject to equitable tolling. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 327 (7th Cir. 2000); *Salgado v. Harvard Collection Serv., Inc.*, 2001 WL 803683 (N.D. Ill. July 17, 2001).

Equitable tolling is reserved for [e]xtraordinary circumstances far beyond the litigant's control [that] ... prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling applies when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim. *See Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7thCir. 1994). The plaintiff bears the burden of demonstrating that his allegations justify equitable tolling. *See Harlan v. Al Piemonte Nissan, Inc.*, 2002 WL 31155061 (N.D. Ill. Sept. 26, 2002); *Spartech Corp. v. Apelco, Inc.*, 1988 WL 9513 (N.D. Ill. Jan. 26, 1988).

In the instant case, the date on which the alleged violation occurred was July 14, 2000, the date of the filing of the alleged illegal lien. Plaintiff concedes that the statute of limitations began to run on July 14, 2000, but seeks to invoke the doctrine of equitable tolling based on his mental and physical illnesses. Mental and/or physical illness can be the basis for equitable tolling. *See Barnhart v. United States*, 884 F.2d 295, 300 (7th Cir. 1989); *Dunn v. Grant Hosp. of Chicago*, 1997 WL 51450 (N.D. Ill. Jan. 30, 1997). At this stage of litigation, Plaintiff has sufficiently pled equitable tolling.

Defendant also seeks dismissal for failure to state a claim upon which relief can be granted. Defendant argues that the act of recording the judgment and/or lien was expressly authorized by

3

statute; therefore, there can be no violation of the FDCPA. However, in support of its argument, Defendant relies upon materials outside the Second-Amended Complaint. These additional materials cannot be considered by the Court. Furthermore, as argued by the Defendant in seeking a more definite statement, as written, it is not clear which provisions of the FDCPA are alleged to have been violated by the Defendant. Accordingly, dismissal for failure to state a claim upon which relief can be granted is not appropriate.

Defendant alternatively seeks a more definite statement, arguing that it is unclear which provisions of the FDCPA are alleged to have been violated. For example, in Count I, Plaintiff cites to Section 1692j(a) and (b) of the FDCPA, which prohibits the furnishing of certain deceptive forms. However, Plaintiff fails to identify which form(s) was furnished by Defendant. In addition, Plaintiff's Second-Amended Complaint includes references to other various categories of claims and harms, such as "RICO," "racketeering," and "cloud title." However, it is not discernable if these are actually attempts to state a claim and what the Plaintiff is calling upon Defendant to answer.

A review of Plaintiff's Second-Amended Complaint demonstrates that Plaintiff's six counts, all alleging violations of the FDCPA, merely state a conclusion that a violation occurred and provide no allegations that would enable the Defendant to properly answer the allegation. Accordingly, a more definite statement is required to allow the Defendant to properly answer the allegations.

For the foregoing reasons, Defendant's Consolidated Motion for Relief is granted in part and denied in part. Defendant's motion to dismiss is denied. Defendant's motion for a more definite statement is granted. Plaintiff is ordered to provide a more definite statement as to his claims on or before July 9, 2004. Defendant's responsive pleading is to be filed on or before July 23, 2004. A status hearing is scheduled for September 1, 2004, at 9:00 a.m.

Dated: 6-17-04

JOHN W. DARRAH
United States District Judge